UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES & JENNIFER COMBS, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 6:23-CV-136-CHB-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| LAURA FELTNER, *et al*., | ) | |
| | ) | RECOMMENDED DISPOSITION |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

*** *** *** ***

On referral from District Judge Boom, the Court considers separate motions to dismiss and to remand. D.E. 7, 11. Defendants removed this case from state court, contemporaneously moving to dismiss the complaint. D.E. 1, 4. Plaintiffs filed a response to that motion in which they also sought to amend their complaint. D.E. 8. Plaintiffs also moved to remand the case to state court. D.E. 9. And Plaintiffs filed a motion to stay, which will be addressed by separate order. Having fully reviewed the motions, the undersigned **RECOMMENDS DENYING** Plaintiffs' motion to remand and **RECOMMENDS DISMISSING** Defendants Laura Feltner and Laura Feltner Agency LLC (collectively, the "Feltner Defendants") from this action.

## I.    Background

Plaintiffs James and Jennifer Combs have asserted two claims against the Feltner Defendants. They first claim that the Feltner Defendants violated the Kentucky Consumer Protection Act (KCPA). Ky. Rev. Stat. § 367.170. Second, they assert a claim for punitive damages.[1] D.E. 4 at 32. Plaintiffs initially sued three defendants in state court on insurance bad

---

[1] As plaintiffs implicitly concede, their punitive damages claim is derivative of their KCPA claim. D.E. 9-1 at 13.

faith and KCPA claims. D.E. 1-1 at 15, 18. The three defendants were (1) Laura Feltner, (2) Laura Feltner Agency LLC, and (3) State Farm Fire and Casualty Company. *Id.* at 2. The bad faith insurance claim was only asserted against State Farm. *Id.* at 15. Both Plaintiffs and the Feltner Defendants are Kentucky citizens for the purpose of determining subject matter jurisdiction. *Id.* at 2. But State Farm is incorporated in Illinois and has its principal place of business in that state. *Id.*

Plaintiffs' claims arose from repeated roofing damage to Plaintiffs' house and State Farm's subsequent insurance investigations. D.E. 1-1 at 4-12. Laura Felter Agency LLC, owned by Laura Feltner, facilitated the Combs' purchase of insurance from State Farm. *Id.* at 3. But the Feltner Defendants did not provide Plaintiffs with insurance. *Id.* at 4. Rather, State Farm insured Plaintiffs. *Id.* Claiming that the non-contractual relationship between the Feltner Defendants and Plaintiffs meant Plaintiffs lacked any colorable KCPA claim against the Feltner Defendants, State Farm removed to federal court. D.E. 1 at 3. State Farm claims that diversity jurisdiction exists because the Feltner Defendants have been fraudulently joined. *Id.* Plaintiffs reject that contention, claiming that the KCPA claim against the Feltner Defendants is colorable despite Plaintiffs lacking privity of contract with them. D.E. 9-1 at 13. Both remand and dismissal depend upon resolving this issue.

## II.    Fraudulent Joinder Standard

Federal courts may hear cases involving opposing parties with complete diversity and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Defendants are entitled to invoke federal jurisdiction when a removal statute passed by Congress authorizes that invocation. A defendant's ability to invoke federal jurisdiction cannot be defeated by a plaintiff's attempt to fraudulently deprive the federal court of jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488,

493 (6th Cir. 1999). In the diversity jurisdiction context, that means at least one claim against an in-state defendant must be colorable for the plaintiff to prevent an out-of-state defendant from removing a case to federal court. *Id*. When determining whether a state law claim is colorable, all legal ambiguities must be construed in favor of the party seeking remand to the state court. *Id*. Thus, retaining jurisdiction is only appropriate when there is no reasonable basis to conclude that the in-state defendant could be liable given the facts alleged by the plaintiff. *Id*.

### III.    State Law Analysis

Various courts have rejected the availability of a private cause of action against defendants for violations of the KCPA when the defendant did not sell a good or provide a service to someone. As numerous federal district court decisions have recognized, including one by District Judge Boom, the cause of action for KCPA claims only extends to individuals in contractual privity with a defendant-seller and to situations in which a defendant-seller made an express warranty for the benefit of third parties.[2] *Long v. Juice Box Vapor Co.*, No. 3:16-CV-344-CHB, 2019 WL 908241, *3 (W.D. Ky. Feb. 22, 2019).

The KCPA forbids "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." Ky. Rev. Stat. § 367.170(1). Claims commonly arise in three situations. First, when there is privity of contract between plaintiff and defendant. *See, e.g.*, *Anderson v. Nat'l Sec. Fire & Cas. Co.*, 870 S.W.2d 432, 436 (Ky. Ct. App. 1993). Second, when the plaintiff qualifies as a "purchaser" under Ky. Rev. Stat. § 355.1-201(2)(ad). *See, e.g.*, *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897, 903 (Ky. 2008). In this context, that means anyone who takes by purchase. Ky. Rev. Stat. § 355.1-201(2)(ad). Purchase is defined as "taking by sale, lease, discount, negotiation, mortgage, pledge, lien, security interest, issue or reissue, gift, or any

---

[2] Some federal court decisions construe Kentucky courts' interpretation of Ky. Rev. Stat. § 367.220 even more narrowly. *See Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 769, n. 24 (E.D. Ky. 2020) (gathering cases).

other voluntary transaction creating an interest in property." Ky. Rev. Stat. § 355.1-201(2)(ac). Third, when a defendant-seller has expressly warranted some good or service for the benefit of the non-contracting plaintiff. *See*, *e.g.*, *Skilcraft Sheetmetal, Inc. v. Kentucky Mach., Inc.*, 836 S.W.2d 907, 909 (Ky. Ct. App. 1992).

None of those situations are present here. First, Plaintiffs are in contractual privity with State Farm, not the Feltner Defendants. D.E. 1-1 at 4. Second, Plaintiffs do not contend they are "purchasers" within the meaning of section 355.1-201(ac). Instead, Plaintiffs obtained their insurance from State Farm, with the Feltner Defendants acting as State Farm's agents. D.E. 1-1 at 3, 4. Third, the warranty exception to the privity requirement does not apply. So, Plaintiffs' KCPA claim fails for lack of privity as a matter of law.

Plaintiffs disagree. In their view, *Morton v. Bank of the Bluegrass & Tr. Co.*, 18 S.W.3d 353 (Ky. Ct. App. 1999), makes their KCPA claim colorable. D.E. 9-1 at 6-8. But other federal district court decisions in Kentucky have rejected the argument that *Morton* affects the KCPA's privity analysis. *Wright v. State Farm Mut. Auto. Ins. Co.*, 443 F. Supp. 3d 789, 795-96 (W.D. Ky. 2020); *Bristoe v. State Farm Mut. Auto. Ins. Co.*, No. 5:20-CV-106-TBR, 2021 WL 951025, *3 (W.D. Ky. Mar. 12, 2021). As Plaintiffs recognize, *Morton* was primarily about whether an insurance policy constitutes a service within the meaning of the KCPA. D.E. 9-1 at 7. And while the *Morton* plaintiff was permitted to proceed with her claim against an insurance agent in that case, there is no indication that the privity issue was raised by the parties insofar as it related to the KCPA claim. *Morton*, 18 S.W.3d at 360. Thus, *Morton* does not sufficiently support Plaintiffs' position to prevent a finding of fraudulent joinder.

Plaintiffs' reliance on *Withers v. Kentucky Farm Bureau Mut. Ins. Co.*, No. 2016-CA-001340-MR, 2017 WL 4464334 (Ky. Ct. App. Oct. 6, 2017), is similarly doomed. Plaintiffs claim

4

that the court declined to adopt a privity requirement in that case.  D.E. 9-1 at 8-9.  That is true.
But it is also irrelevant since that case was resolved on the basis that the defendants had not violated
the KCPA's underlying substantive prohibitions.  *Withers*, WL 4464334 at \*10.  Like *Morton*,
*Withers* does not discuss the privity issue.  *Id*.  *Withers* does not support Plaintiffs' position with
sufficient strength to foreclose a finding of fraudulent joinder.

Plaintiffs also argue that since the Feltner Defendants were agents of Defendant State Farm,
it follows that the Feltner Defendants may be held liable under the KCPA.  D.E. 9-1 at 11.  That
is also an argument rejected by Kentucky courts.  *Keaton v. G.C. Williams Funeral Home, Inc.*,
436 S.W.3d 538, 546 (Ky. Ct. App. 2013).  The *Keaton* court was unpersuaded by the argument
that a defendant could be held liable under the KCPA because the defendant was the agent of a
seller in contractual privity with the plaintiff.  *Id*.  In that case, plaintiffs sought to sue a
subcontractor of an entity that plaintiffs had contracted with.  *Id*.  The court reasoned that since
the plaintiffs were only in privity with the contractor, the plaintiffs could not sue the contractor's
sub-contractor under the KCPA.  *Id*.  It did so even though the sub-contractor was involved in the
sale to the plaintiffs, having received instructions from the plaintiff authorizing the contractor's
delegation to the sub-contractor.  *Id*. at 541.  *Keaton* confirms that the Feltner Defendants cannot
be sued under the KCPA because Plaintiffs are not in contractual privity with them.

There are a few federal cases disagreeing with that conclusion.  Exemplative is *Stafford v.
Cross Country Bank*, 262 F. Supp. 2d 776, 793 (W.D. Ky. 2003), in which the court permitted a
KCPA claim to proceed even though the plaintiff affirmatively disclaimed any contract with the
defendant bank.  There, the plaintiff had disputed a bank's assertion that he had opened a
delinquent account with them.  *Stafford*, 262 F. Supp. at 779-80.  Alleging that another individual
had stolen his identity, the plaintiff claimed that the bank engaged in a variety of tactics that

violated the KCPA. *Id*. at 779, 791-92. Relying on the plaintiff's disclaimer of a contract, the bank moved to dismiss the KCPA claim. *Id*. at 793. The court rejected the bank's arguments, concluding that the KCPA's broad remedial purpose meant that the claim should be allowed to proceed. *Id*. But the great weight of authority in federal district courts supports the proposition that the KCPA does not extend so far as to permit Plaintiffs to pursue the Feltner Defendants in the absence of contractual privity. *E.g.*, *Gearhart v. Express Scripts, Inc.*, 422 F. Supp. 3d 1217, 1224-25 (E.D. Ky. 2019). And the presiding District Judge in this case has sided with that interpretation. *Long*, 2019 WL 908241, at *3.

Plaintiffs argue the bulk of Kentucky federal cases on this issue rest on an analytical mistake. D.E. 9-1 at 5, 12. They contend that each federal precedent rests on an erroneous analysis in *Wolfe v. State Farm Fire & Cas. Co.*, No. 3:10-CV-545-JGH, 2010 WL 4930680 (W.D. Ky. Nov. 30, 2010). D.E. 9-1 at 10, 12. Even if subsequent federal decisions exclusively relied on that case (they do not), Plaintiffs err in assailing *Wolfe*. They claim that *Wolfe* addressed the Kentucky Unfair Claims Settlement Practices Act (KUCSPA), and not the KCPA. D.E. 9-1 at 5. Plaintiffs are mistaken. The *Wolfe* court did address the KUCSPA. *Wolfe*, 2010 WL 4930680 at *1. But it plainly also addressed the KCPA. *Id*. at *3. In reaching the conclusion that privity of contract was a prerequisite to bringing a claim under the KCPA, the *Wolfe* court relied on *Anderson*. *Wolfe*, 2010 WL 4930680 at *3. *Anderson* did hold that privity of contract was a prerequisite to bringing a KCPA claim. *Anderson*, 870 S.W.2d at 436.

Plaintiffs correctly note that *Anderson* is factually distinguishable from this case. D.E. 9-1 at 11. In *Anderson*, the defendant had sold homeowner's insurance coverage to a couple with the last name Gaither. *Anderson*, 870 S.W.2d at 434. After a fire destroyed the insured home, the estate of one Ginger Anderson (unrelated to the Gaithers) sued the insurance company under the

6

KCPA. *Id.* Unlike here, the *Anderson* insurance purchaser was not the one who sued. *Id.* at 435-36; D.E. 1-1 at 4. But what Plaintiffs overlook is that the reasoning of Kentucky's cases is just as important as their underlying facts. Since *Skilcraft* established and *Anderson* re-affirmed that privity of contract is generally necessary to state a claim under the KCPA, there is no reasonable basis to conclude that someone not in privity with a defendant (and who does not meet the requirements for any exception to privity) can sue under the KCPA. *Skilcraft*, 836 S.W.2d at 909-910; *Anderson*, 870 S.W.2d at 436. In turn, the derivative claim for punitive damages fails as well.

## IV.    Conclusion

Since no reasonable basis exists in state law to conclude that Plaintiffs claims against the Feltner Defendants could be viable, they were fraudulently joined. Thus, the undersigned **RECOMMENDS** that Plaintiffs' motion to remand be **DENIED** and the claims against Defendants Laura Feltner and Laura Feltner LLC be **DISMISSED**.[3]

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 16th day of October, 2023.

---

[3] Plaintiffs have informally sought time to file an amended pleading. D.E. 8 at 13-14. This request does not comply with LR 7.1 and will therefore not be addressed by the Court.



Signed By:

*Hanly A. Ingram*

United States Magistrate Judge