UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JAMES COMBS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 6:23-CV-136-CHB-HAI |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING** |
| LAURA FELTNER, *et al.*, ) | **RECOMMENDED DISPOSITION** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [R. 15], which recommends that the Motion to Dismiss filed by Defendants Laura Feltner and Laura Feltner Agency, LLC [R. 4] be granted and that the Motion to Remand filed by Plaintiffs James and Jennifer Combs [R. 9] be denied. Magistrate Judge Ingram considered the motions on a full record, including response and reply briefs to each motion. *See* [R. 8]; [R. 12]; [R. 13]; [R. 14].

The Plaintiffs have filed an Objection to the Recommended Disposition [R. 17], and all Defendants have responded to the Objection [R. 18]. This Court must make a *de novo* determination of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Because the Court perceives no fault with Magistrate Judge Ingram's analysis, and because the Plaintiffs' objections fail to demonstrate an error in that analysis, the Recommended Disposition will be adopted as the Opinion of the Court.

Magistrate Judge Ingram ably laid out the relevant facts in the Recommendation. *See* [R. 15]. Therefore, rather than reciting all the facts anew, the Court will address the facts of this case only to the extent necessary to rule on the Plaintiffs' objections.

## I. Background

The Plaintiffs filed their Complaint in Perry Circuit Court on June 27, 2023. *See* [R. 1-2]. The Plaintiffs' claims stem from a dispute over insurance coverage, under a policy from State Farm, for roof damage from high wind events in early 2023 to property they own in Anderson County, Kentucky. *See id.* The Plaintiffs allege they had sourced the State Farm policy through Laura Feltner and Laura Feltner Agency, LLC, *see id.* at ¶ 17, and they have named both Feltner and her agency as defendants (collectively, "the Feltner Defendants"), as well as State Farm Fire and Casualty Company. *See id.* at ¶¶ 2-4.

The Plaintiffs allege that State Farm improperly processed their claims for the roof damage:

> State Farm has denied Plaintiffs' claims to replace their roof by intentionally and substantially undervaluing the claim, by misrepresenting the facts of the claim, by attempting to conceal relevant facts of the claim that were discovered by its agents, by misrepresenting the claims process, by misrepresenting the proposed repairs, by interfering with the efficient and reasonable estimation and completion of work and misrepresenting the claims handling process to deceive and harm Plaintiffs.

*Id.* at ¶ 97. And they further allege that the Feltner Defendants "have participated in, enabled, and actively assisted Defendant State Farm in the unfair, false, misleading, or deceptive acts or practices in the trade or commerce of homeowners insurance policies sold to Plaintiff[s] in the Commonwealth of Kentucky," and that the Feltner Defendants have "marketed and sold an insurance product that is not actually intended to provide coverage consistent with the reasonable expectations of policyholders." *Id.* at ¶¶ 98-99. Based on these allegations, the Complaint alleges claims against State Farm for statutory and common law bad faith, violation of the Kentucky Consumer Protection Act ("KCPA"), and punitive damages, and claims against the Feltner Defendants for violation of the KCPA and punitive damages. *See id.* at 15-22; *see also* [R. 1 (Notice of Removal), p. 2] (describing the Plaintiffs' claims).

On July 20, 2023, State Farm removed the action to this Court on the basis of diversity jurisdiction, even though the Plaintiffs and the Feltner Defendants are not diverse (both having Kentucky citizenship). *See* [R. 1, ¶¶ 4, 6-7]. Relevant here, State Farm claims that, because the Plaintiffs do not assert colorable claims against the Feltner Defendants under Kentucky law, the Feltner Defendants "were fraudulently joined as defendants to this action and their citizenship must be disregarded for the purposes of diversity jurisdiction." *Id.* at ¶ 6 (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1990)). State Farm also filed an Answer to the Plaintiffs' Complaint. [R. 2].

On the same day the action was removed, the Feltner Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 4]. Through that Motion, the Feltner Defendants argue (similar to State Farm's Notice of Removal) that the Plaintiffs' KCPA claim against them "fails as a matter of law because there is no privity of contract" between them and the Plaintiffs because they were not parties to the contract of insurance between the Plaintiffs and State Farm. *See id.* at 1. Further, the Feltner Defendants argue that the Plaintiffs' punitive damages claim against them must fail because "it is derivative on the success of Plaintiffs' ineffective KCPA claim" and because the Complaint otherwise fails to allege facts sufficient to support a punitive damages award. *See id.* The Plaintiffs responded to the Motion to Dismiss,[1] and the Feltner Defendants replied. *See* [R. 8]; [R. 12].

For their part, the Plaintiffs filed a Motion to Remand, in which they argue that "Kentucky's appellate courts recognize a cause of action for violation of the Kentucky Consumer

---

[1] The Plaintiffs also moved "alternatively" for time in which to amend their complaint. *See* [R. 8]. Magistrate Judge Ingram did not address this request because it failed to comply with LR 7.1. *See* [R. 15, p. 7 n.3]. Notably, the request also did not constitute a proper motion under Rule 15. *See Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 647-48 (N.D. Ohio 2014) (explaining that a bare request for leave in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a proper motion for leave to amend under Rule 15).

Protection Act against an insurance agent," that their claims against the Feltner Defendants are proper, that those parties were properly joined, and that diversity jurisdiction in this matter does not exist. *See* [R. 9-1]. State Farm responded to the Motion to Remand, and the Plaintiffs replied. *See* [R. 13]; [R. 14]. The Plaintiffs also filed a Motion to Stay Ruling on the Motion to Dismiss [R. 10], but that Motion was denied. *See* [R. 16].

Both the Feltner Defendants' Motion to Dismiss and the Plaintiffs' Motion to Remand were referred to Magistrate Judge Ingram for a Recommended Disposition. *See* [R. 7]; [R. 11]. After full consideration of the record and applicable case law, Magistrate Judge Ingram found that "no reasonable basis exists in state law to conclude" that the Plaintiffs' claims against the Feltner Defendants could be viable, meaning those defendants had been fraudulently joined. [R. 15, p. 7]. Because full diversity of citizenship would exist between the parties (Kentucky for the Plaintiffs, and Illinois for State Farm) if the citizenship of the Feltner Defendants (Kentucky) were disregarded, Magistrate Judge Ingram further concluded that jurisdiction would properly rest in this Court. *See generally id.* at 2, 7. He therefore recommended that the Feltner Defendants' Motion to Dismiss be granted and that the Plaintiffs' Motion to Remand be denied. *See id.* at 7. The Plaintiffs timely filed objections to the Recommended Disposition [R. 17], and all Defendants responded to those objections [R. 18]. The matter thus stands submitted for review.

## II. Legal Framework and Objections

The Court must make a *de novo* determination of the issues to which the Plaintiffs have objected regarding the Recommended Disposition.[2] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed

---

[2] In their briefing, the Defendants argue that the Plaintiffs' objections are not specific enough to warrant consideration by the Court. *See* [R. 18, pp. 2-4]. Although this position has merit, the Court will proceed to discuss the substance of the Plaintiffs' objections to ensure a full record in this case.

findings or recommendations to which objection is made."); *see also* Fed. R. Civ. P. 72(b). Before considering the Plaintiffs' objections to the Recommended Disposition, though, the Court finds that a brief discussion of the standard for fraudulent joinder is helpful, as it provides important context to the Plaintiffs' objections. Because the Plaintiffs have not objected to the Recommendation's iteration of this standard, the Court will repeat it here:

> Federal courts may hear cases involving opposing parties with complete diversity and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Defendants are entitled to invoke federal jurisdiction when a removal statute passed by Congress authorizes that invocation. A defendant's ability to invoke federal jurisdiction cannot be defeated by a plaintiff's attempt to fraudulently deprive the federal court of jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). In the diversity jurisdiction context, that means at least one claim against an in-state defendant must be colorable for the plaintiff to prevent an out-of-state defendant from removing a case to federal court. *Id.* When determining whether a state law claim is colorable, all legal ambiguities must be construed in favor of the party seeking remand to the state court. *Id.* Thus, retaining jurisdiction is only appropriate when there is no reasonable basis to conclude that the in-state defendant could be liable given the facts alleged by the plaintiff. *Id.*

[R. 15, pp. 2-3].

"Defendants bear the burden of proving fraudulent joinder." *Wright v. State Farm Mut. Auto. Ins. Co.*, 443 F. Supp. 3d 789, 794 (W.D. Ky. 2020). By comparison, "[t]he standard for a defendant to successfully show fraudulent joinder is even higher than the standard a defendant must meet to succeed on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* Further, out of concern for comity and federalism, "any ambiguity must be resolved against removal." *Id.*

Under the fraudulent joinder standard, then, the question becomes whether there is a reasonable basis to conclude that the Feltner Defendants "could be liable given the facts alleged" by the Plaintiffs. *See* [R 15, pp. 2-3]. Magistrate Judge Ingram determined there was not because

the Plaintiffs' KCPA claim and derivative punitive damages claim[3] against the Feltner Defendants "fail[] for lack of privity as a matter of law." *Id.* at 4, 7. Although the Plaintiffs agree that "the determinative issue is whether contractual privity is required under Kentucky law to have a colorable claim under the KCPA against" the Feltner Defendants, they disagree with the Magistrate Judge's conclusion that privity of contract is required for that claim. *See* [R. 17, p. 2].

Under the KCPA, "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are [] declared unlawful." KRS 367.170(1). "To maintain an action alleging a violation of the KCPA, an individual must fit within the protected class of persons, which includes 'any person who purchases or leases goods or services primarily for personal, family or household purposes.'" *Wright*, 443 F. Supp. 3d at 794 (quoting KRS 367.220 and citing *Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907 (Ky. Ct. App. 1992)). Notably, insurance policies are considered services under the act. *See Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819, 820 (Ky. 1988) ("We hold that the purchase of an insurance policy is a purchase of a 'service' intended to be covered by the Consumer Protection Act."). "Therefore, as a general rule, there must be privity of contract between the parties in a suit where a violation of the KCPA is alleged." *Wright*, 443 F. Supp. 3d at 794 (collecting cases); *see also Skilcraft*, 836 S.W.2d at 909 ("The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act."); *Day v. Fortune Hi-Tech Mktg. Inc.*, No. 10-CV-305-GFVT, 2014 WL 4384443, at *9 n.8 (E.D. Ky. Sept. 3, 2014) ("Privity of contract is the relationship between parties to a contract, allowing them to sue each other but preventing a third party from doing so.") (cleaned up).

---

[3] The Plaintiffs have not objected to Magistrate Judge Ingram's conclusion that their punitive damages claim is derivative of their KCPA claim. *See* [R. 15, p. 1 n.1]. Thus, the Court considers the viability of both claims as rising or falling under the same analysis.

Although Kentucky courts have carved out narrow exceptions to the general rule requiring privity of contract to maintain a KCPA claim, "such exceptions have been limited to cases where the plaintiff is a purchaser of services or products from the defendant." *Wright*, 443 F. Supp. 3d at 795 (citing *Campbell v. Capital One, N.A.*, No. 1:12-CV-82-TBR, 2012 WL 4959611 (W.D. Ky. Oct. 16, 2012), as citing *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776 (W.D. Ky. 2003)); *see also Long v. Juice Box Vapor Co.*, No. 3:16-CV-344-CHB, 2019 WL 908241, at *3 (W.D. Ky. Feb. 22, 2019) ("Kentucky courts have held that the language of the statute plainly contemplates an action by a purchaser against his immediate seller, thereby requiring privity of contract with the defendant in order for the plaintiff to maintain a suit under the KCPA. This rule has been modified, however, so that privity is not required in cases in which the end-user plaintiff relied on warranties made by the defendant when they purchased the item in question.") (cleaned up); [R. 15 (Recommended Disposition), pp. 3-4] (explaining that claims under the KCPA "commonly arise in three situations": (1) whether there is privity of contract between the plaintiff and defendant; (2) whether the plaintiff qualifies as a purchaser by statute; and (3) when a defendant-seller has expressly warranted some good or service or benefit for the benefit of the non-contracting plaintiff).

In this case, the Plaintiffs maintain that privity of contract is not required for their KCPA claim against the Feltner Defendants, *see* [R. 17, p. 2], but they cannot fairly argue that any exception to the general rule applies to their KCPA claim against the Feltner Defendants. *See* [R. 15, p. 4] ("First, Plaintiffs are in contractual privity with State Farm, not the Feltner Defendants. Second, Plaintiffs do not contend they are 'purchasers' within the meaning of section 355.1-201(ac). Instead, Plaintiffs obtained their insurance from State Farm, with the Feltner Defendants acting as State Farm's agents. Third, the warranty exception to the privity requirement does not

apply.") (internal citations omitted). To be sure, case law simply does not support the Plaintiffs' position.

For example, the Plaintiffs cite *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897 (Ky. 2008), and *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353 (Ky. Ct. App. 1999), to argue that "Kentucky law does not limit KCPA claims so strictly as to require contractual privity." *See* [R. 17, p. 2]. And the Plaintiffs rely on *Stafford*, 262 F. Supp. 2d 776, to argue that "[t]here is federal precedent that has similarly refused to limit the KCPA." [R. 17, p. 2]. But as other courts have observed, such a "broad interpretation" of cases like "*Morton* is contrary to the consensus of authority regarding the KCPA's privity requirement." *See Wright*, 443 F. Supp. 3d at 796 (collecting cases); *see also Day*, 2014 WL 4384443, at *9 ("[*Craig*'s], however, does not appear to be a full repudiation of the requirement of privity of contract, but is more properly understood as an exception made by the Kentucky courts under the limited and unusual circumstances of that case."); *Petrey v. Ethicon, Inc.*, No. CV 5:19-298-DCR, 2019 WL 5295185, at *2 (E.D. Ky. Oct. 18, 2019) ("And contrary to Petrey's suggestion, the Kentucky Supreme Court's decision in *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897 (Ky. 2008), does not alter this conclusion.").[4] Indeed, this Court has previously rejected such a construction and has instead found that "Kentucky courts have held that the language of the statute 'plainly contemplates an action by a purchaser against his immediate seller,' thereby requiring privity of contract with the defendant in order for the

---

[4] The Plaintiffs' reliance on *Stafford* fails for another more basic reason: the court assumed privity was present in that case. *See Stafford*, 262 F. Supp. 2d at 793 ("The Bank argues that only one in privity may bring a suit under the KCPA and points out that Stafford vigorously denies ever entering into a contractual relationship with the Bank. Nevertheless, the Court concludes that the Bank's own continued assumption of privity, coupled with its alleged unfair, false, and misleading tactics, is enough to overcome this hurdle."); *see also Helton v. Am. Gen. Life Ins. Co.*, 946 F. Supp. 2d 695, 702 (W.D. Ky. 2013) ("In contrast, privity was found in a case involving stolen identity, when debt accumulated at defendant bank after a credit card was issued under the plaintiff's name.") (citing *Stafford*, 262 F. Supp. 2d 776).

plaintiff to maintain a suit under the KCPA." *See Long*, 2019 WL 908241, at *3 (quoting *Skilcraft*, 836 S.W.2d at 909).

Similarly unavailing is the Plaintiffs' argument that many of the federal cases that have found privity of contract required for a KCPA claim rely on flawed reasoning from *Wolfe v. State Farm Fire & Casualty Co.*, No. 3:10-CV-545-H, 2010 WL 4930680, at *1 (W.D. Ky. Nov. 30, 2010). *See* [R. 17, p. 4]. To understand this argument by the Plaintiffs, a brief discussion of the claims involved in *Wolfe* is warranted.

In that case, the plaintiffs sought payment under their homeowner's insurance policy with State Farm after a fire, and they alleged claims for breach of contract, violation of the Kentucky Unfair Claims Settlement Practices Act, bad faith, violation of KRS 304.12-235, and violation of the KCPA against State Farm and the State Farm employee who had handled their claim. *See Wolfe*, 2010 WL 4930680, at *1. The plaintiffs originally sued in state court, but State Farm removed the action to federal court, arguing that the State Farm employee had been fraudulently joined. *See id.*

In considering whether it had jurisdiction, the *Wolfe* court first addressed the plaintiffs' bad faith and Unfair Claims Settlement Practices claims and observed that the elements of both claims were the same and that Kentucky law did not support those claims against an individual adjuster. *See id.* at *2-3. The court further concluded (in relevant part) that the plaintiffs' KCPA claim against the individual adjuster could not proceed because there was "no privity of contract" between the adjuster and the plaintiffs and because the elements for their bad faith claim were the same as those under the KCPA claim. *See id.* at *3 (quoting *Baymon v. State Farm Ins. Co.*, 257 F. App'x 858, 863 (6th Cir. 2007)).

In their objections, the Plaintiffs attempt to distinguish *Wolfe* and its progeny, by arguing:

> The plaintiffs in *Wolfe* alleged that their State Farm claims handler took actions which were deceptive and misleading in adjusting the plaintiffs' claims. The facts in *Wolfe* therefore spoke to bad faith claims handling alone rather than the quality of the policy that was sold. In this case, Plaintiffs have made substantive allegations about the quality of the product that State Farm sold through its agent as being unfair, deceptive, or misleading, as well as claims regarding the onerous claims adjusting practices that constitute an unfair claims settlement practice under the KUCSPA. Consequently, unlike *Wolfe*, Plaintiffs' KCPA violation claims would exist even if the bad faith claim did not.

[R. 17, p. 4]. However, as the Feltner Defendants point out and as recognized by the Recommended Disposition, "federal precedent dismissing KCPA claims against agents based on a lack of privity do not exclusively rely on *Wolfe*, and therefore this argument is inapposite." [R. 18, p. 8]; *see also* [R. 15, p. 6]. But more than that, the *Wolfe* court's "reasoning recognized the weight of Kentucky authority holding that privity of contract is a prerequisite for a claim under the Consumer Protection Act." *See* [R. 18, p. 8] (citing *Anderson v. Nat'l Sec. Fire and Cas. Co.*, 870 S.W.2d 432, 436 (Ky. Ct. App. 1993); *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004)). Against such background, the Court is unable to discern why previous courts' reliance on *Wolfe* would compel the conclusion that the Plaintiffs' KCPA claim in this case against the Feltner Defendants should be permitted to proceed in the absence of privity of contract. *See Skilcraft*, 836 S.W.2d at 909 ("The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act.").

Last, the Plaintiffs argue that "the 'privity of contract' analysis makes little sense in the context of the sale of an insurance policy by an insurance agent." [R. 17, pp. 4-5] (citing *Isaacs v. Cox*, 431 S.W.2d 494, 495-96 (Ky. 1968); *Liberty Nat. Bank & Tr. Co. v. Gruenberger*, 477 S.W.2d 503 (Ky. 1972)). But this argument appeals more to the Plaintiffs' feelings about the law, rather than what the law actually says. Although the Plaintiffs may not like that a KCPA claim

generally requires privity of contract, that is how courts have interpreted such claims, and this Court follows such a construction. *See Long*, 2019 WL 908241, at *3.

Therefore, the Court considers the general rule, requiring privity of contract, to apply to the Plaintiffs' KCPA claim against the Feltner Defendants. So viewed, the Court observes that the Feltner Defendants were not parties to the insurance contract in question, meaning there is no privity of contract between the Plaintiffs and those defendants. *See Wright*, 443 F. Supp. 3d at 795 ("There is no privity of contract between Plaintiff and Sherri Morrill. Sherri Morrill is an insurance agent and is not a party to the insurance contract in controversy."). This is fatal to the Plaintiffs' KCPA claim against the Feltner Defendants. *See id.* at 796.

Moreover, because the Plaintiffs have no privity of contract with the Feltner Defendants, there is no reasonable basis to conclude the Feltner Defendants could be liable to the Plaintiffs for their KCPA and punitive damages claims. *See Coyne*, 183 F.3d at 493 ("To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court.")  (internal citation omitted). Thus, the Court disregards the citizenship of the Feltner Defendants (Kentucky), and having done so, concludes that it has jurisdiction over this matter because the Plaintiffs (Kentucky) are completely diverse from State Farm (Illinois). *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441; 28 U.S.C. § 1446.

In such a posture, the Feltner Defendants' Motion to Dismiss [R. 4] will be granted, and the Plaintiffs' Motion to Remand [R. 9] will be denied. *See Wright*, 443 F. Supp. 3d at 800 ("[T]he Court's analysis regarding the Motion to Dismiss and Motion to Remand appear to travel hand-in-hand.") (internal quotation marks omitted).

- 12 -

### III.    Conclusion

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Recommended Disposition by United States Magistrate Judge Hanly A. Ingram **[R. 15]** is adopted as the Opinion of the Court.

2. The Feltner Defendants' Motion to Dismiss **[R. 4]** is **GRANTED.**

3. The Plaintiffs' Motion to Remand **[R. 9]** is **DENIED.**

4. The Plaintiffs' Objection to the Recommended Disposition **[R. 17]** is **OVERRULED**.

This the 4th day of December, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY